1  EDWARD J. NEVIN, ESQ., SBN 041226
   KENNETH C. ABSALOM, ESQ., SBN 114607
2  Nevin & Absalom
   22 Battery Street, Suite 333
3  San Francisco, California 94111
   Telephone: (415) 392-5040
4  Facsimile: (415) 392-3729

5  JOHN McGUINN, Esq. ( SBN 36047)
   McGuinn, Hillsman & Palefsky
6  535 Pacific Avenue
   San Francisco, CA 94133
7  Telephone: (415) 421-9292

8  Attorneys for Plaintiffs

9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13 THOMAS RACHFORD, RUBEN ACOSTA, NICK    ) NO.
   AKIMOFF, STEPHEN ALBERTS, JOHN         )
14 ALBRIGHT, WENDY ALBRIGHT, MITCHELL     )
   ALLEN, JOHN ALT II, ROB ANDREOLAS,     )
15 CURT ANGELL, CLARENCE ANTHONY,         )
   DAVID ANYZESKI, TYLER APPLETON,        ) **COMPLAINT and**
16 ROBERT ARMSTRONG, PATRICK ARNELLO,     ) **DEMAND FOR JURY TRIAL**
   JAMES AUGUSTINE, DANIEL BALL, ROBERT   )
17 BARNES, MICHAEL BAUER, GEOFFREY        )
   BEINHART, ALAN BESING, JOSEPH BILLING, )
18 MICHAEL BINNING, JOHN BIRMINGHAM JR.,  )
   ARTURO BISONO, WILLIAM BLEDSOE JR.,    )
19 MARK BOARMAN, RONALD BOGUCKI,          )
   ONOFRE BONNIN, THOMAS BOYLAN III,      )
20 JAMES BRADY, FRANK BRAVO, STEPHEN      )
   BREIER, JAMES BREVARD, DAVE            )
21 BRIESMEISTER, ANTONE BROWN, DAVID      )
   BROWN, JAMES BROWN, WILLIAM BROWNE,    )
22 FABIAN BRUZZONE, CLYDE BULLARD,        )
   ROBERT CADY, CHARLES CAIN JR., DAVID   )
23 CALL, SEAN CAMPBELL, JAMES CAMPEAU,    )
   KEVIN CANNON, CHARLES CAPRARO JR.,     )
24 KENNETH CASELLA, JOSEPH CHADWICK,      )
   RONALD CHAMBERS, LARRY CHESHIRE,       )
25 ANDREW CHULICK JR., RICHARD CLARK,     )
   CHRIS COFFEY, PARNELL COLAS, RONALD    )
26 CONRAD, WILLIAM CORBITT, JOHN          )
   CROUSE, C.T.CUMMINGS JR., HOWARD       )
   CURTIS, BRADLEY DALTON, CHUCK          )
27

28 _____
                    Complaint and Demand for Jury Trial

| | |
|---|---|
| 1 | DAVIDSON, ROBERT DAVIS, STEVEN DAVIS, ) |
| | JON DEL TURCO, THOMAS DEL VECCHIO, ) |
| 2 | DOUGLAS DELONG, WILLIAM DENNE, ) |
| | EDDIE DIB, PATRICIA DOBBINS, DAVID ) |
| 3 | DOYLE, ALISTAIR MARK DUNCAN, LEE ) |
| | DUNKELBERGER, JOHN ELLIOT, JAMES ) |
| 4 | ENDY, JUAN ESCALANTE IV, CARLOS ) |
| | ESPINOSA, ROBERT FAIR, CHRIS FARINHA, ) |
| 5 | MIKE FARRELL, DOUGLAS FENTON, JAMES ) |
| | FERGUSON, ROB FERGUSON, RAYMOND ) |
| 6 | FIELACK, MIKE FILLMON, BRIAN ) |
| | FITZPATRICK, PATRICK FLANAGAN, DENNIS ) |
| 7 | FOLEY, WILLIAM FOOTE, THOMAS FOSTER, ) |
| | JAMES FOY, ALBERT FRIEH, JOSEPH ) |
| 8 | FRISBIE, RANDAL FUSI, MICHELE GAFFNEY, ) |
| | EUGENE GAGNE, MICHAEL GALLAGHER, ) |
| 9 | NEIL GALLAGHER, C. DAVID GIBSON, ) |
| | DAVID GILMORE, AMILCAR GOMEZ JR., ) |
| 10 | OLEN GOODWIN, JENNIFER GORDON, ) |
| | RALPH GRIGGS, DAVID HARGETT, SCOTT ) |
| 11 | HARRIS, AL HASLER, JAMES HAVARD, ) |
| | FRANK HEALY, FRED HECKROTH, DALE ) |
| 12 | HENDRICKSON, ERIC HERB, ROBERT ) |
| | HERMES, SETH HEWITT, RICHARD ) |
| 13 | HICKMAN, MICHAEL HILLIARD, TROY ) |
| | HINDE, AILEEN HOCKIN, TRAVIS HOGUE, ) |
| 14 | JOHN HOWKER, DONALD HUBBART, ) |
| | DARRYL HUDEC, ROBERT HUDSON, VAN ) |
| 15 | HULEN, DALE INGLE, SAMUEL JACOBS, ) |
| | KENNETH JENKINS, ROBERT JESSUP, ) |
| 16 | PHILLIP JOHNSTON JR., JOHN KAPLAFKA, ) |
| | GEORGE KARAGIANNIS, JOHAN KARLEN, ) |
| 17 | JOHN KELLAR, MICHAEL KESSLER, ) |
| | MUHAMMED KHALIL, W. BRYAN ) |
| 18 | KILPATRICK,  ROBERT KIRCHER, THOMAS ) |
| | KIRKPATRICK, GEORGE  KLEINSTUBER, ) |
| 19 | WILLIAM KLUMKER, TRACY KNIGHT, ) |
| | DEBBIE KOCH, ALAN KOPPLINGER, BILL ) |
| 20 | KOPRINCE, SCOTT KRANTZ, JOHANN ) |
| | KRISTINSSON, MICHAEL KUSTER, ERIK ) |
| 21 | KUZNICZCI, GREGG LAGARDO, JOHN ) |
| | LANGELIER, GEORGE LAPIC, UNNAR ) |
| 22 | LAWSON, GEORGE LOUTRARIS, MARK ) |
| | LUTHI, DONALD MAHER JR., ) |
| 23 | REX MAJNARICH, JEFFREY MALONE, ) |
| | PHILLIP MANCUSSI, PAUL MAYER, PATRICK ) |
| 24 | MCCABE, HAROLD MCCOLLUM, DANNY ) |
| | MCGAHEE, STEVE MCGREGGOR, MARK ) |
| 25 | MCKENNA, DAN MEEHAN, MARVIN ) |
| | MEISTER, AL MEYER, JOHN MEYER, SCOTT ) |
| 26 | MICHAEL, JOHNNY MORALES, RICHARD ) |
| | MORGENSTERN, GEORGE MOSS, RONALD ) |
| 27 | |
| 28 | |

Complaint and Demand for Jury Trial

- 2 -

| | |
|---|---|
| 1 | MOYER, JAMES MULLER, DEVIN MURRAY, ) |
|   | KEVIN MURRAY, JAMES MYERS, RIAD ) |
| 2 | NABOULSI, RICHARD NEWBERRY, CRAIG ) |
|   | NICHOLS, JACK O'KEEFE II, CHRISTOPHER ) |
| 3 | O'REILLY, THOMAS O'REILLY, JOE EULOQIO ) |
|   | ORTIZ, DAVID PAGE, JOHN PANARELLI, ) |
| 4 | MIKE PATRICK, WENDELL PEA, GERALD ) |
|   | PEASE, DAVID PEIRCE, CRAIG PETERSON, ) |
| 5 | ALAN PHELPS, ROBERT PHOENIX, STEPHEN ) |
|   | PIEROTTI, MARIO POMPEII III, JAMES ) |
| 6 | PRISCO, GERALD PRYCE, KEN PULSIFER, ) |
|   | ROGER RASHOK, JOHN REYNOLDS JR., ) |
| 7 | WILLIAM RHODES JR., CARLOS RIVERA, ) |
|   | JACK RODRIGUEZ, JUAN RODRIGUEZ, ) |
| 8 | RICHARD ROHRBORN, FREDERICK ) |
|   | ROSENBERG, DANIEL ROY, JERRY ) |
| 9 | RUBALCAVE, PETE SACHS, CHARLES SACK, ) |
|   | JUAN SANCHEZ, CRAIG SANDMAN, STEVE ) |
| 10 | SANDQUIST, RICHARD SATTRO, DAVID ) |
|    | SAVA, DOUGLAS SCOTT, HUGH ) |
| 11 | SEAGRAVES, ZOLTAN SERFOZO, LEE ) |
|    | SEWELL, STEVEN SHARFF, BHUPENDRA ) |
| 12 | SHIVJI, RAY SIMMERS, LOWELL SLATTER, ) |
|    | SCOTT SLINGSBY, RONALD SMITH, STEVEN ) |
| 13 | SMITH, MICHAEL SOLAR, RICHARD SPEAR, ) |
|    | EBBO STANLEY, NICHOLAS STEPHENS, RON ) |
| 14 | SUERMANN, WILLIAM SWANSON, ERIC ) |
|    | SWARR, HERB SWARR, C.B. SWARTZBAUGH, ) |
| 15 | TIMOTHY SWEET, ROBERT TAHERI, NAT ) |
|    | TALARICO, ED TANZA, COLIN THEDE, ) |
| 16 | DAVID THOMPSON, EMMETT THOMPSON, ) |
|    | NANCY TINGA, ALLEN TOEDTER, WILLIAM ) |
| 17 | TRAIL, DAVID TULLY, PAUL URDI, BRUCE ) |
|    | VAN ARSDELL, DON VANDERHULE, ) |
| 18 | RICHARD VARNEY, TIMOTHY VEST, DIRK ) |
|    | VISSER IV, JERRY WALKER, RONALD ) |
| 19 | WATSON, SCOTT WATSON, DONALD WEEKS, ) |
|    | BRAD WEMPA, GLENN WERNER, DOUGLAS ) |
| 20 | WHEELER, JAMES WHISNANT III, BURT ) |
|    | WHITE, W. BRYANT WHITEHEAD, TONY ) |
| 21 | WILHOITE, REX WILLIAMS, RICHARD ) |
|    | WOODS, RYANN YOUNG, STEVEN ZETTLER, ) |
| 22 | JAMES ZURCHER JR., TROY ZWICKE, ) |
|    |                                          ) |
| 23 |            Plaintiffs,                   ) |
|    |                                          ) |
| 24 |      vs.                                 ) |
|    |                                          ) |
| 25 | AIR LINE PILOTS ASSOCIATION,             ) |
|    | INTERNATIONAL; EMERY WORLDWIDE           ) |
| 26 | AIRLINES INC., a Nevada Corporation; EMERY ) |
|    | AIR FREIGHT CORPORATION d/b/a/ EMERY     ) |
| 27 | |
| 28 | |

Complaint and Demand for Jury Trial

- 3 -

1  FREIGHT FORWARDING, INC., a/k/a/ MENLO )
   WORLDWIDE, a Delaware Corporation,            )
2                                                )
               Defendants.                         )
3  _____  )

4

5      As and for their Complaint herein, Plaintiffs allege as follows:

6

7 **JURISDICTION AND VENUE**

8     1.  The Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1337, based on

9 the Railway Labor Act, ( "RLA"), 45 U.S.C. §§ 151-188, as well as the Declaratory Judgment Act,

10 28 U.S.C. §§ 201 and 2202.

11     2.  Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b)(1)

12 because Defendants Emery Worldwide Airlines, Inc., and Emery Air Freight Corporation d/b/a

13 Emery Worldwide a/k/a Emery Freight Forwarding Inc., a/k/a Menlo Worldwide, LLC., have their

14 principal place of business in Redwood City, County of San Mateo, California.  Defendant Air Line

15 Pilots Association, International ( hereafter referred to as "ALPA") is an unincorporated association

16 doing business within the Northern District of California, and maintaining a principal place of

17 business in San Bruno, County of San Mateo, California.

18 **PARTIES**

19     3.  Plaintiffs are all natural persons who were employed by Defendant, Emery Worldwide

20 Airlines Inc., and who were represented by Defendant, ALPA in connection with the terms and

21 conditions of their employment.

22     4.  Defendant, ALPA is an unincorporated association serving as a "representative" of

23 "employees", as those terms are defined in the RLA. 45 U.S.C. §§ 151 (FIFTH and SIXTH ) and

24 181. At all times material herein, ALPA was designated as the exclusive bargaining representative

25 of the pilots, including Plaintiffs herein, formerly employed by Defendant, Emery Worldwide

26 Airlines, Inc..

27

28

5.  Defendant Emery Worldwide Airlines, Inc., (hereafter "EWA"), is a Nevada corporation engaged in the business of providing air transportation, and is a "common carrier by air" as that term is defined in the RLA, 45 U.S.C. § 181. EWA has its principal place of business in Redwood City, County of San Mateo, California.

6.  Defendant Emery Air Freight Corporation d/b/a Emery Worldwide a/k/a Emery Freight Forwarding, Inc., a/k/a Menlo Worldwide (hereafter "EWW"), is a Delaware corporation and has its principal place of business in Redwood City, County of San Mateo, California. EWW is a freight forwarding company that contracts with air carriers, including but not limited to EWA, to transport freight.

7.  In taking the actions described herein, Defendants EWA and EWW acted as the agents of each other.

### INTRA DISTRICT ASSIGNMENT

8.  This action should be assigned to the San Francisco or Oakland Division of the Court because the events and omissions alleged herein which give rise to the claims for relief occurred in San Mateo County.

### GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

9.  On July 8, 1997, ALPA became the certified collective bargaining representative under the RLA of the pilots and flight engineers (collectively referred to herein as "flight crew members"), employed by EWA.

10. In August 2000, ALPA and EWA reached a tentative collective bargaining agreement ("CBA"), which was ratified by the EWA flight crew members in September 2000. The CBA established the terms and conditions of employment for the flight crew memebers.

11. Article 1.C of the CBA contains provisions restricting the right of EWA to furlough or terminate its flight crew members. The CBA also contains a Letter of Agreement executed by ALPA, EWA and EWW which restricts the ability of EWW to contract with carriers other than EWA and Ryan International Airlines to transport freight which EWW forwards for delivery to its

1  customers. ( hereafter the "Subcontracting Letter of Agreement").   The Subcontracting Letter of
2  Agreement was ratified by EWA flight crew members in September 2000 along with the CBA.

3     12.   As a result of its numerous violations of air safety regulations, EWA entered into an
4  agreement with the Federal Aviation Administration ( "FAA") on or about August 13, 2001, which
5  provided in part, "in lieu of the FAA's pursuing action against Emery Worldwide Airlines' air carrier
6  certificate, Emery Worldwide Airlines will immediately cease all commercial air carrier operations
7  until such time as it fully resolves to the FAA's satisfaction the issues arising from [the FAA's prior]
8  inspections".  Pursuant to this agreement, EWA suspended all such flight operations on or about
9  August 13, 2001 and furloughed some of its flight crew memebers.

10    13.   Plaintiffs are informed and believe, and on that basis allege, that EWA knowingly and
11 deliberately permitted its maintenance operations to deteriorate to a level where EWA could not
12 safely operate its fleet of aircraft such that a shutdown by the FAA would be imposed.  Plaintiffs are
13 informed and believe and thereon further allege that EWA did this at the urging of and in
14 collaboration with EWW in order to circumvent the contractual proscriptions against subcontracting
15 contained in the Subcontracting Letter of Agreement.

16    14.   After the initial shut down in August 2001, EWA failed to take the necessary measures
17 to permit the resumption of flight operations.  Rather, after a period of continued communications
18 between EWA and the FAA, CNF, Inc., the parent company of both EWA and EWW, announced
19 on December 5, 2001 that EWA would permanently cease all operations.  As of that date, EWA
20 permanently furloughed all its flight crew members.

21    15.   After the cessation of flight operations by EWA, and continuing to the present, EWW
22 diverted all its freight air transportation business to other air carriers, including expanding the
23 business given to Ryan International Airlines.  By such conduct, EWW and EWA are in breach of
24 their contractual obligations to the flight crew members, including plaintiffs herein, set forth in the
25 Subcontracting Letter of Agreement.

26    16.   ALPA filed grievances concerning EWA's cessation of flight operations, but failed and
27
28

Complaint and Demand for Jury Trial

- 6 -

refused to file civil actions against EWW to enforce its obligations under the Subcontracting Letter of Agreement.

17. In or about November and December 2002, ALPA and EWA agreed to arbitrate certain of the aforesaid grievances. However, ALPA failed to obtain EWW's agreement to arbitrate said disputes. Despite EWW's continuing failure and refusal to submit to the jurisdiction of the Arbitrator appointed to decide the grievances filed by ALPA, Defendant ALPA has failed to take any action to enforce EWW's contractual obligations under the Subcontracting Letter of Agreement.

18. During February and March 2003 ALPA engaged in settlement discussions with EWA and EWW to resolve the disputes arising from the cessation of EWA's flight operations.

19. On February 5, 2003 Plaintiffs are informed and believe and on that basis allege that there was a meeting between EWA, EWW and ALPA under the auspices of a private mediator, Maggie Jacobson. EWA made a settlement proposal to ALPA in the amount of $23.8 million in exchange for ALPA dismissing the grievances, entering into a complete release of claims for all past, present and future claims which either ALPA or any of the flight crew members may have arising out of the furlough of the flight crew members and the termination of flight operations, including the release of any claims arising under the Subcontracting Letter of Agreement.

20. None of the plaintiffs herein had been consulted by ALPA regarding such proposal and none had provided ALPA with authorization to enter into any settlement agreement on their behalf including the proposed release of claims. To the contrary, many of the plaintiffs informed ALPA in writing and through other means that is was not in fact authorized to release any claims which any of them might have against EWA or EWW. Plaintiffs provided said notice to ALPA because they feared that ALPA would not fairly represent them and was prepared to enter into an expedient settlement which was significantly less than the true value of their aggregate claims, which ALPA itself had computed to be in excess of $181 million.

21. ALPA representatives informed the flight crew members that no settlement had been reached and that settlement discussions would continue in March 2003. On or about March 23, 2003

Complaint and Demand for Jury Trial

- 7 -

1  plaintiffs are informed and believe and on that basis allege that ALPA presented a further settlement offer to EWA and EWW, without consultation with or authorization by plaintiffs, the specific terms of said settlement offer are unknown to plaintiffs .

22. EWA and EWW rejected the March 23, 2003 settlement offer tendered by ALPA on the grounds that a final and binding settlement had been entered into by and between ALPA and EWA on February 5, 2003.

23. Plaintiffs first learned of the settlement agreement upon the filing of an Answer and Counterclaim by EWA on or about May 8, 2003 in that action known as *Airline Pilots Association, International v. Emery Worldwide Airlines, Inc., et al*., now pending in the above-entitled Court and docketed as Case No. C 03-1449-CW.

24. ALPA entered into the aforesaid settlement agreement without the authority or approval of plaintiffs and without obtaining the ratification of such settlement as required by ALPA's bylaws.

### FIRST CLAIM FOR RELIEF

( Breach of DFR against ALPA)

25. Plaintiffs incorporate by reference paragraphs 1 through 23 above as if fully set forth herein.

26. As the exclusive collective bargaining representative of the flight crew members employed by EWA, including plaintiffs herein, the RLA imposed on ALPA a duty to represent such employees fairly and with honesty of purpose. By entering into the settlement agreement described in paragraphs 19-24 above, ALPA has breached its duty of fair representation to plaintiffs in that such settlement agreement , including those provisions purporting to foreclose plaintiffs from bringing individual claims against EWA and/or EWW, was entered into for arbitrary or bad faith reasons.

27. As a direct and foreseeable result of the breach of the duty of fair representation by this defendant, plaintiffs have sustained, and continue to sustain, economic damages including the loss

of employment opportunities, loss of wages, loss of retirement, medical and other employment benefits, in amounts to be proven at trial.

28. As a direct and foreseeable result of the aforementioned acts of Defendant ALPA Plaintiffs have suffered, and continue to suffer, humiliation, embarrassment, aggravation, mental and emotional distress, and discomfort, all to their general damages in amounts to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

( Breach of Contract Against EWA and/or EWW )

29. Plaintiffs incorporate by reference paragraphs 1 through 28 above as if fully set forth herein.

30. The cessation of EWA's operations on December 5, 2001, the furloughing of its flight crew members, and the contracting with carriers other than EWA and Ryan International Airlines for air transport services needed by EWW all violated the above-described provisions of the CBA and the Subcontracting Letter of Agreement.

31. Because EWA and EWW knew, or should have known, that ALPA was not authorized to enter into a settlement agreement which purports to bind plaintiffs herein, and to waive certain rights of said plaintiffs, that settlement agreement is voidable and unenforceable as against plaintiffs.

32. As a direct and foreseeable result of the breach of contract by these defendants, plaintiffs have sustained, and continue to sustain, economic damages including the loss of employment opportunities, loss of wages, loss of retirement, medical and other employment benefits, in amounts to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For economic damages;

2. For general and/or damages for emotional distress;

3. For attorney fees and costs of suit;

4. For pre-judgment and post-judgment interest on all economic damages;

5. For such other and further relief as the Court may deem just and proper.

Dated: August 4, 2003

LAW OFFICES OF NEVIN & ABSALOM

By: _____
KENNETH C. ABSALOM
Attorneys for Plaintiffs

## JURY TRIAL DEMAND

Plaintiffs hereby demand trial by jury on all issues.

Dated: August 4, 2003

LAW OFFICES OF NEVIN & ABSALOM

By: _____
KENNETH C. ABSALOM
Attorneys for Plaintiffs