UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS RACHFORD, et al.,

    Plaintiffs,

    v.

AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, et al.,

    Defendants.
_____/

No. C 03-3618 PJH

**ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT**

    Before the court is the motion of defendants Emery Worldwide Airlines, Inc. ("EWA"), Menlo Worldwide Forwarding, Inc. ("EWW"), and CNF, Inc. ("CFN") (collectively, "the corporate defendants") pursuant to Federal Rule of Civil Procedure 54(b) for entry of final judgment on the third through sixth and eighth through eleventh causes of action asserted in the fourth amended complaint. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.[1]

---

[1] The court finds the motion to be appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (court's consideration of moving and opposition papers is deemed adequate substitute for formal hearing). The date for the hearing on the motion, previously set for September 13, 2006, is VACATED.

Rule 54(b) provides, in part,

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). In determining whether entry of judgment under Rule 54(b) is appropriate, the court must consider whether there is a "final judgment" and whether there is any just reason for delay. Curtiss-Wright Corp. v. Gen'l Elec. Co., 446 U.S. 1, 7-8 (1980).

Plaintiffs alleged eleven causes of action in the fourth amended complaint ("4thAC"). The first cause of action was asserted against defendant Airline Pilots Association International ("ALPA"). The claim against ALPA was dismissed with prejudice on April 10, 2006. Pursuant to stipulation, ALPA's counterclaims were dismissed on June 16, 2006.

The second through eleventh causes of action were asserted against one or more of the corporate defendants, who moved to compel arbitration of the second cause of action and moved to dismiss the remaining claims. On June 16, 2006, the motion to compel arbitration was granted, and the motion to dismiss was granted with prejudice as to all causes of action except the seventh. Thus, as of June 16, 2006, all causes of action except the second and the seventh had been dismissed with prejudice. On August 2, 2006, pursuant to stipulation, the seventh cause of action was dismissed with prejudice, and the second cause of action was "administratively closed."[2]

The corporate defendants now seek entry of final judgment as to the third through sixth and eighth through eleventh causes of action. A "final judgment" under Rule 54(b) is a "decision upon a cognizable claim for relief" that is "final" – that is, "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Id. at 7.

---

[2] An "administrative closing" order (e.g., "The action is stayed pending completion of arbitration and shall be administratively closed") is a "docket management tool" – not a dismissal or a "final decision" creating appellate jurisdiction. Dees v. Billy, 394 F.3d 1290, 1294 (9th Cir. 2005). It is "no different from a simple stay, except that . . . administratively closed cases are not counted as active." Id. (citation and quotation omitted).

2

Defendants note that all causes of action have been dismissed, either by the court or by the parties, with the exception of the second cause of action, which is subject to arbitration. Thus, they assert, the dismissal is a "final judgment."

The corporate defendants contend that there is no just reason to delay entry of judgment. This determination involves an inquiry into "the interest of sound judicial administration" and a weighing of the equities at stake. Wood v. CGG Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005). The interest of "sound judicial administration" primarily requires that the ultimate decision "preserves the historic federal policy against piecemeal appeals." Id. (citation and quotation omitted). A Rule 54(b) request should not be granted when "the facts on all claims and issues entirely overlap, and successive appeals are essentially inevitable." Id. at 883.

Important factors include (1) whether certification would result in unnecessary appellate review; (2) whether the claims finally adjudicated were separate, distinct, and independent of any other claims; (3) whether review of the adjudicated claims would be mooted by any future developments in the case; and (4) whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals. See id. at 878-79 & n.2 (9th Cir. 2005); see also Curtiss-Wright, 446 U.S. at 8. The corporate defendants assert that each of these factors favors entry of judgment.

Plaintiffs oppose the motion. They argue that entry of judgment and certification for appeal at this time would be contrary to the strong public policy against piecemeal appeals, and would require plaintiffs to immediately pursue an appeal that may become unnecessary.

Plaintiffs also contend that the corporate defendants have offered no serious important reason in support of their request for entry of judgment. For example, they assert that defendants have not shown that they will suffer financial hardship if entry of judgment is delayed. They contend that granting the motion will not mean that the corporate defendants will no longer be "trapped in this case," because the former EWA executives and directors will be required to testify in connection with the arbitration and will be required

to produce documents.

The court finds that the decision regarding the third through sixth and eighth through eleventh causes of action is final, and that there is no just reason for delay. There are no longer any claims pending in this case, as the court has disposed of all causes of action except the second – the claim of breach of the subcontracting letter of agreement. The sole issue that remained before the court – the question of alter ego liability with regard to the second cause of action – is now moot, based on the corporate defendants' representation in their reply brief that CNF undertakes to satisfy directly any award against EWW under the second cause of action. Moreover, the claims as to which the corporate defendants seek entry of judgment are legally and factually distinct from the second cause of action that is subject to arbitration

Once the district court has determined that any unadjudicated claims are distinct from those the court has decided, the court should consider whether entering judgment under Rule 54(b) would alleviate some hardship or injustice that would result from the delay in entry of judgment. See 10 Moore's Federal Practice (3d ed. 2006) § 54.23[1][b]. While defendants have made no showing that they will suffer extreme hardship if the motion is denied, the court finds that it would be unfair to keep a case open when there are no further issues for the court to decide. The events that gave rise to this litigation occurred almost five years ago, and the complaint was filed almost three years ago. The equities sufficiently favor entering final judgment as to the third through sixth and eighth through eleventh causes of action.

In accordance with the foregoing, the corporate defendants' motion is GRANTED, as to the third through sixth and eighth through eleventh causes of action. The court finds further that judgment should be entered with regard to the seventh cause of action;[3] and with regard to the first cause of action, asserted against ALPA.

---

[3] The corporate defendants have not requested entry of judgment as to the seventh cause of action, asserting that "there is no need for the [c]ourt to enter judgment on that claim" as it "no longer exists." The court finds, however, that judgment should be entered as to the seventh cause of action, and so orders, sua sponte.

4

The action shall be administratively closed, pending the arbitration of the second cause of action.

**IT IS SO ORDERED.**

Dated: September 11, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge